We'll take one more case before we take a little mid-morning break. So we'll hear United States v. Christian. Thank you, Your Honors. My name is Gordon Stoa, and I am representing the appellant, Mr. Christian, in the matter before Your Honors. In reviewing this, and I guess if I have any time available, I'll just stop. I noticed the green light, and when it's cautioning me, I'll maybe reserve some time for rebuttal. But in my review of the information in preparation for this argument, one thing was a consistent throughout, and it's kind of the foundation for the appeal, and that is, at what point do or does a criminal defendant have the right and obligation of counsel to get counsel? What counsel did he get in this case? Four. Four. Every time he wanted counsel, he got one until the last time. What did he allege the last time when he was denied new counsel? Same thing, Judge. Just a lack of contact, miscommunication. The judge made findings on that, right? He did. He did. Judge Shea made specific findings, and in the review of the record, obviously, Judge Shea was frustrated with the similar type of request again by Mr. Christian. But you used the term frustrated. Are you saying he wasn't acting as a judge when he was making these decisions? No. He certainly was, and he made his findings clear on the record, and that was that just as Your Honor has pointed out, at some point, there has to be an end to that request. It can't be a continual request. Well, if you have the proper, I mean, we have many, many cases on substitution of counsel, including the day before trial, but you have to make your case according to our law. And I'm wondering what you're saying and what law you're relying on our circuit to show is circumstances in this case required that the judge had made an error in refusing new counsel. And I will, Your Honor. In my opening for this, I was going to refer to the fact that it comes down to a partial argument that I've made in my brief as well, and that is that there was an effective assistance of counsel in this manner that did require the court to grant my client's motion to appoint separate counsel. That's a very interesting argument. So your theory is that if the trial judge sees a lawyer doing a bad job, that requires a substitution of counsel? If there are irreconcilable conflicts. That's a different question. You said it's ineffective assistance of counsel. Well, Your Honor, what I've done is in my brief, I've spent an awful lot of time on the effective assistance of counsel argument. And a lot of the argument is predicated upon the fact that I can't go into a number of other things because they weren't necessarily raised at the trial level. Well, doesn't that preclude your argument? No, it goes to further form a basis for the ineffective assistance of counsel argument. Judge Graber, are you suggesting that under these circumstances, the judge stops whatever's going on and says, okay, pro se, give up and let's stop this trial and you tell me the facts about how ineffective your counsel is and you have an ineffective assistance of counsel hearing right there? No. And by the way, was that asked for here? I didn't see that. It wasn't, actually. And it's got to be waived. Or it's got to be the subject of a collateral. A collateral attack. It's always available. Yeah, absolutely. But what I'm trying to figure out is you're advocating during this process of trial or whatever, prior to trial, you have to somehow stop all the music and you have an ineffective assistance hearing as to the counsel who's sitting at table. Right. The case law doesn't necessarily follow through with that, of course. And in the or in response to the Court's initial question about new counsel and was it appropriate for the judge to make the determination that he did to deny it that additional time. And under the Rogers criteria, obviously this Court is well aware of the fact that new counsel has been denied and granted at various times throughout the proceedings. But the first and foremost issue with new counsel is the timeliness matter, or at least the first criteria to look at is the timeliness. And what I would submit to this panel is the timeliness in this manner, although there have been and had been prior appointments, and if I may correct, there were two prior appointed counsel that were both dismissed and appointed new counsel. So Mr. Lowe was the third counsel. Mr. Christian was asking for a fourth, just to make sure that we're all on the same page there. But as far as the timeliness issue is concerned, when Mr. Christian made his request for the fourth appointed counsel, he did so about five weeks before trial. And it was in this timeframe, judges, that I think is rather critical, the underlying information, the charge, was felon in possession of a firearm. And it is unrefuted and clear in the record that this was assumed to be a very, you know, fairly straightforward issue. Did he have possession of a firearm and was he a felon? Yet when Mr. Christian requested new counsel, and that was brought up and made present before the Court, that this is not a real complicated issue. And that was one of the basis that Judge Shea made or found as to denying new counsel as well. Mr. Lowe also indicated he needed additional time because he wanted effective time to prepare a case and interview witnesses. Yet it was contradictory, really, to how simple the case was. That doesn't necessarily follow. In other words, what you have is an altercation in what was apparently a crowded bar. And Mr. Christian pulls out a weapon and threatens somebody with it. The weapon goes off. The patrons wrestle into the ground, take the weapon away from him, call the cops. The cops show up, take him and the weapon away. Now, that sounds like a simple case, but if you're going to adequately defend the man, you better go interview the witnesses. So it does take time, even in a straightforward case, if you have a number of witnesses. Correct, Your Honor. And it does. It's just that Mr. Lowe, in his preparation for the case, did all that. He had a private investigator appointed. He had authority of the Court to get the investigator appointed.  And, in fact, in one of the communications that he sent to Mr. Christian, indicated all of those witnesses don't like you. So, again, I'm falling back on the same issue. This is Mr. Lowe to Mr. Christian. You don't have a defense. You know, do what you need to do, but you don't have a defense. What do you want the witness to do? Lie? I mean, if, in fact, he did all he could, what's the issue? I don't quite understand your argument. Well, it's not necessarily whether or not Mr. Lowe was able to do everything he could. My position is that Mr. Christian and Mr. Lowe had an irreconcilable conflict, a conflict of interest that presented itself very early on in their relationship. I saw that word. Conflict of interest is a very legal-specific meaning term. What is the conflict of interest? The conflict is Mr. Lowe not being able to loyally represent Mr. Christian. It's not a conflict of interest. What is the conflict that's causing him not to be able to represent the client? They can disagree. Right. No, understood. The conflict of interest would be his ability to present an effective case, an effective defense. But ineffectiveness is not a conflict of interest, either. Well, again, I'm relying — The conflict of interest would be something like a financial interest in the outcome or a, you know, your brother-in-law is prosecuting the case and you haven't told anybody or something like that. Right. And I've read one of the cases that referred to conflict of interest in not necessarily something I've presented, but it goes to explain at least a partial position, and that is that if Mr. Lowe firmly believes that Mr. Christian is guilty and there is miscommunication and there are problems with that communication — That would disqualify, you know, perhaps 80 percent of defense counsel if believing that your client in fact committed the charged crime gives you a conflict of interest. Yeah, but the — Is that what's required, that you actually believe that your client is guilty? Absolutely not, Judge. I wouldn't have a job either if that were the case. But I think that what it goes to is the heart of the effective assistance argument, and that is — It should properly be brought as a collateral matter. It doesn't necessarily have to if the record is clear. And I would submit to this Court that the record is clear that there was ineffective assistance in relation to Mr. Lowe's communications and his efforts to — or inability to properly defend Mr. Christian in trial. And I went through in — I have to stop you there because you've lost me. What is the legal precedent that you're relying on to say that the mere allegation of ineffective assistance of counsel, if in fact it was ever made in this case, is enough for the judge to relieve counsel and appoint a new counsel? Well, I'm not. The new counsel argument is one that the judge heard without necessarily going into any real evidentiary hearing. There was no testimony taken. I'm still lost because I'm trying to ask you. You keep arguing ineffective assistance of counsel, and are you saying that was — that's why Judge Shea was in error in not granting new counsel? No. What's your legal authority? No. I'm not saying that because most of the ineffective assistance of counsel occurred during the trial proceedings, subsequent to the motion for appointment of new counsel. And if counsel wasn't preserved, then that, again, is a matter for habeas relief post-conviction. Right. Now, I understand the Court's confusion. And as I'm — as I was walking through the preparation of my brief and my argument, again, everything tied into that lack of communication, the inability of Mr. Lowe to properly represent Mr. Christian in all phases of the proceeding. It required Mr. Christian to stand up and actually make a pro se motion for appointment of new counsel five weeks before the trial. Again, yes, he had done that previously with two other prior court-appointed attorneys. But there is evidence as to why he did that. And I would submit that the judge was in error by not granting Mr. Christian's motion to appoint new counsel. We have about two and a half minutes left, if you wanted to save some time for rebuttal. Thank you, Your Honor. I appreciate you pointing that out. May it please the Court. My name is William Brown. I'm with the Department of Justice in Washington, D.C., representing the government in this appeal. The defendant seems to have focused here on the replacement of counsel issue. I think — I think it's fairly clear from the record that the judge did not abuse his discretion, which is the standard here. And declining to grant Christian his fourth attorney based on the same ground, when his only allegations were that his attorney had indicated to him that the evidence appeared to show he was guilty. And that's what the evidence did show. And everybody, I think, agrees with that, that there was nothing really that the defense attorney could have done other than advise him of that. And that probably was good representation because that's what the evidence did show. And Mr. Christian, he even agreed that sentencing would have been better off seeking a plea in this case. But what else did he say besides the fact that the evidence indicated he was guilty? He complained that the counsel wouldn't look him in the eye. This is not a total lack of communication. The lawyer said he had gone to the jail several times and had been refused contact by Mr. Christian himself. The judge looked at what the lawyer had done, which was review discovery, conduct investigation, and he found that the lawyer was — Mr. Lowe was conducting a defense, and that there was no ground for — that there was not a total lack of communication, and that he declined to grant Mr. Christian still another attorney. And, yes, it was five weeks prior to trial, but the trial had been continued just because the appointment of a new counsel, the third new counsel, it required a continuance of the trial to allow that third counsel to prepare. And there are two additional — two factors in addition to the conclusion of the court that there was sufficient communication, and that — two factors which support his decision not to appoint a new counsel. One is the repetitive nature of the request. This Court has recognized that repeated requests for new counsel is a negative factor, and here the requests were made strictly on the same basis time after time. And also that manufactured discontent by the defendant is a factor weighing against replacement of counsel. And here the entire record shows that the failure to communicate was predominantly on — from the fact that Mr. Christian didn't want to hear what his lawyer had to say. And the trial record, in fact, we don't know what happened during the trial as far as actual communication, but there are just snippets from the record, references from the lawyer, discussing communications with Christian during the pretrial and trial period, references to whether — right after the first day of trial, the lawyer asked for — if the defendant could be held at the courthouse to allow him to consult with him before the second day of trial. He also mentioned that there were points that Mr. Christian had asked him to argue at — in closing argument. They had discussed whether or not he should wear a jail guard. They discussed whether or not he should plead guilty. They discussed the issue of whether or not he should be — he should remain present at the trial when he chose not to be. These are just things that were mentioned on the — in the trial transcript, in addition to the sealed documents where the lawyer describes other communications to the defendant and the defendant's reaction to those. We have discussed in our brief — he had also mentioned the ineffective assistance of counsel claim. We've discussed in our brief why we believe those claims really amount to nothing. Evidence of, for example, he mentions jail clothing in his brief. The defendant chose to use jail clothing. We have — we'll rely on our brief to respond to those. He's making view of the overwhelming evidence of guilt and the — that there was — and the trial court's findings that the defense attorney was acting reasonably in reviewing the documents and conducting an investigation. And the record shows he cross-examined and he made arguments attacking the scientific proof. He made a closing argument. He made — he did everything that could be done in the circumstances, I believe, if there are no further questions. I think we have none. Thank you. Thank you. Have some rebuttal time. I've got a hill to climb up, I can tell. But the effective assistance of counsel argument is one of many I raise in the brief. And just so everyone's clear, I would like to rely on the brief as presented as well. But as far as some further clarification on the effective assistance issue, this was beyond just the mere lack of communication or inability to communicate during preparation phases of a defense. This was at the trial as well, where the defense counsel, and I believe that it's responded to by the government in their brief, basically asserts the possibility of a defense, a diminished capacity defense, yet doesn't provide any information to the judge pre-trial, doesn't provide any information in jury instruction concerning that diminished capacity, and in fact does cross-examine witnesses, specifically two different witnesses, concerning issues that may be relevant to a diminished capacity, that being 294 breath alcohol, as well as taking an ordinate amount of Xanax on the day in question, yet doesn't do anything with it. Raises it, and in fact has to be reprimanded by the judge to move on. This isn't relevant. Those are things, and I go in quite a bit of detail, example by example, of things that should have been objected to, should have been raised during that trial, and weren't and prejudiced Mr. Christian because of it. This is, again, encompassing the whole theory behind the appeal, goes down to the heart of not having effective assistance. There's a breakdown of communication at all stages of this proceeding, including the trial stage, and Mr. Christian was certainly prejudiced by that, and the case law that I've read does allow me, when the record is clear, to go ahead and bring this up on direct appeal before Your Honors, not necessarily through a writ process. So I guess in that summation, and obviously I went into a number of other issues that were specified in my. . . We understand that those issues are not waived, just because you've chosen not to concentrate on the Met argument, so. . . Thank you, Your Honor. If there are any other questions, I'd be more than happy to answer. I think there are none. Thank you. Thank you. I appreciate the arguments from both of you, and the case just argued is submitted. We will take a short break.
judges: Brunetti, Tg Nelson, Graber